UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATM EXPRESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATM EXPRESS, INC., <br><br> Defendant; <br>_____ <br> AND RELATED COUNTERCLAIM. <br>_____ | Civil No. 07cv1293-L(RBB) <br><br> **ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

On November 19, 2008 Defendant filed an ex parte application to file documents under seal ("Motion to Seal"). Defendant requests to seal more than 120 pages of documents, consisting of four exhibits in support of its motion for summary judgment – excerpts from the deposition of Christopher Bryan Stewart, Defendant's profit and loss statements for the years 2000 through 2007, and the report of Plaintiff's damages expert William Buckley. For the reasons which follow, the Motion to Seal is **DENIED**.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Three different standards govern motions to seal documents in judicial proceedings. First, "the narrow range of documents such as grand jury transcripts and certain warrant materials . . . traditionally have been kept secret for important policy reasons." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 n.7 (9th Cir. 2007) (internal quotation marks,

1  brackets, and citation omitted); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178
2  (9th Cir. 2006).  Second, sealing a judicial record requires the requesting party to show
3  compelling reasons which outweigh the general history of access and the public policies
4  favoring disclosure.  *Pintos*, 503 F.3d at 801; *Kamakana*, 447 F.3d at 1178.  Last, to shield
5  "private materials unearthed during discovery" from public view, the requesting party must meet
6  the good cause standard of Federal Rule of Civil Procedure 26(c).  *Pintos*, 503 F.3d at 801; *Foltz*
7  *v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. General*
8  *Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

9       To seal documents appended to a dispositive motion such as a motion for summary
10  judgment, the requesting party must meet the compelling reasons standard.  *Pintos*, 503 F.3d at
11  802; *Kamakana*, 447 F.3d at 1179 ("the strong presumption of access to judicial records applies
12  fully to dispositive pleadings, including motions for summary judgment and related
13  attachments).  The compelling reasons standard "derives from the common law right to inspect
14  and copy public records and documents, including judicial records and documents."  *Pintos*, 503
15  F.3d at 801; *Kamakana*, 447 F.3d at 1178.  The "good cause" standard "presents and lower
16  burden [because] [t]he 'compelling reasons' standard does not exist for documents produced
17  between private litigants."  *Pintos*, 503 F.3d at 801.  Although the documents Defendant requests
18  to seal were initially produced in discovery between private litigants, they became part of the
19  judicial record when Defendant filed its summary judgment motion and sought to rely on them.
20  *Pintos*, 503 F.3d at 802; *Foltz*, 331 F.3d at 1134 (when discovery material is filed with the court,
21  its status changes).

22       To meet the compelling reasons standard, the moving party "must overcome a strong
23  presumption of access by showing that compelling reasons supported by specific factual findings
24  outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 504
25  F.3d at 802 (internal quotation marks, ellipsis, and citation omitted); *Kamakana*, 447 F.3d at
26  1179-80.  "Under the 'compelling reasons' standard, a district court must weigh relevant factors,
27  base its decision on a compelling reason, and articulate a factual basis for its ruling without
28  relying on hypothesis or conjecture."  *Pintos*, 504 F.3d at 802 (internal quotation marks, ellipsis,

footnote, and citation omitted). "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 802 n.9 (internal quotation marks and citation omitted).

Defendant argues that the documents meet the good cause standard. This argument misses the mark. "[A] 'good cause' showing . . . will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Kamakana*, 447 F.3d at 1180. Moreover, Defendant's motion does not meet the lower good cause standard. *See Pintos*, 504 F.3d at 803.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130 (internal quotation marks, and citation omitted). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Defendant argues that more than 80 pages of Mr. Stewart's deposition excerpts should be sealed because he was asked questions about Plaintiff's finances, business, advertising and promotional strategies, and its customer base. Defendant concludes that all of this constitutes confidential and proprietary business information of Plaintiff. This argument, unsupported by evidence, fails to meet the good cause standard because it does not attempt to make a showing of specific prejudice or harm, is unsubstantiated by specific examples, and is not supported by articulated reasoning.[1] *A fortiori*, Defendant's argument falls short of compelling reasons.

---

[1] Defendant points out that all documents it requested to seal were subject to a stipulated protective order. (*See* docket no. 18 & 19.) To the extent Defendant intends to suggest that the protective order itself assures that Rule 26(c) good cause standard is met in this case, the argument is rejected. This is a blanket protective order to which the parties stipulated prior to the production of what they considered confidential documents. Accordingly, the protective order is prospective in nature. Such protective orders are necessarily overinclusive. *See Beckman Indus.*, 966 F.2d at 476. Accordingly, the magistrate judge did not have the occasion to engage in the Rule 26(c) good cause analysis prior to signing the order. This is not

Moreover, no attempt has been made to identify any particular statement in Mr. Stewart's testimony which may warrant sealing, but the entire transcript was designated "confidential" because the allegedly sensitive testimony was interspersed throughout. Even if any portion of Mr. Stewart's testimony were shown to rise to the compelling reasons standard, sealing of the entire transcript would not be warranted. Should either party in the future request the sealing of any documents, they must designate specific portions based on the appropriate showing.

As to the remaining three exhibits, *i.e.*, financial statements and the report of Plaintiff's damages expert, Defendant maintains they contain confidential, sensitive and proprietary financial information. Again, this argument is unsupported by evidence, lacks a showing of specific prejudice or harm, is unsubstantiated by specific examples, and unsupported by articulated reasoning. This falls short not only of the good cause standard but of the compelling reasons standard as well.

Furthermore, according to Defendant, the financial information is relevant to damages. In almost any case where a plaintiff seeks economic damages, it must present financial information in support of the requested amount. Should either party in the future seek to seal any financial information on which it intends to rely for proof of damages, it must show how the financial information in this case is more confidential, sensitive or proprietary than in a typical case where damages are sought.

For the foregoing reasons, Defendant's Motion to Seal is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 20, 2008

M. James Lorenz
United States District Court Judge

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

uncommon. "[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz*, 331 F.3d at 1133.