UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATM EXPRESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATM EXPRESS, INC., <br><br> Defendant; <br>_____ <br><br> AND RELATED COUNTERCLAIM. <br>_____ | Civil No. 07cv1293-L(RBB) <br><br> **ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER; (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ADDITIONAL ATTORNEYS' FEES AND EXPENSES; (3) AND DENYING PLAINTIFF'S REQUEST FOR CONTEMPT** |

This trademark infringement case was referred to Magistrate Judge Ruben B. Brooks for determination of non-dispositive pretrial matters pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72.1(b). Defendant timely filed objections to the Magistrate Judge's order awarding attorneys' fees and expenses after granting Plaintiff's motion to compel production of documents. (*See* Aug. 18, 2008 Reporter's Transcript, Decl. of Loura L. Alaverdi, Esq., Ex. A ("RT"); *see also* Aug. 18, 2008 minute order.) Plaintiff filed a response and Defendant was granted leave to file a reply. For the reasons which follow, Defendant's objections are **OVERRULED**. Plaintiff's request for additional attorneys' fees and expenses is **GRANTED IN PART AND DENIED IN PART**, and its request for contempt is **DENIED**.

On April 23, 2008 Defendant responded to Plaintiff's requests for production, objecting to some requests and indicating it would produce documents in response to others. Following

several telephone calls and correspondence, including Defendant's representations that the documents would soon be produced, no documents were produced as of June 20, 2008.

On June 20, 2008 Plaintiff filed an ex parte application seeking leave to file a motion to compel production of documents. Defendant opposed the application but represented that it would produce the documents shortly. The Magistrate Judge granted Plaintiff's application to the extent it sought production of promised documents, and denied it in other respects.

On July 2, 2008 Plaintiff filed its motion to compel and indicated it intended to seek reasonable attorneys' fees and expenses. Defendant opposed the motion, although it admitted its production of documents was overdue. On August 11, 2008 Defendant produced many of the promised documents. (*See* RT at 5, 34, 39, 41.) Plaintiff reiterated the intention to seek reasonable attorneys' fees and expenses in the reply, and filed attorney affidavits supporting a request for $9,201.15. Defendant filed a response and motion to strike the affidavits prior to the hearing on Plaintiff's motion to compel.

At the hearing Defendant admitted that it should have produced the documents sooner, but argued that sanctions were not warranted, and that if they were awarded, the amount should be reduced. The Magistrate Judge granted Plaintiff's motion to compel and awarded Plaintiff $5,236.15.

Defendant timely filed an objection pursuant to Rule 72(a). It does not object to the order granting motion to compel, but solely to the order for attorneys' fees and expenses on the grounds that it did not receive proper notice of Plaintiff's request and that the award was excessive. District court review of magistrate judge orders on non-dispositive motions is limited. Discovery sanctions motions, such as the motion at issue here, are non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a).

/ / / / /

/ / / / /

The sanctions are based on Rule 37(a)(5)(A), which provides in pertinent part:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Defendant claims it did not receive sufficient notice of the sanctions request because the request, including the requested amount, was not included in Plaintiff's notice of motion to compel. Although Rule 37(a)(5)(A) requires notice and an opportunity to be heard on the record, *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 n.11 (9th Cir. 1983), Defendant has not cited any binding authority, and the court is aware of none, requiring that the notice of the attorneys' fees and expenses request be contained in the notice of motion to compel. Moreover, because Rule 37(a)(5)(A) provides for attorneys' fees and expenses "incurred in making the motion [to compel]," it would be impossible to include the requested amount in the notice of motion to compel.

Plaintiff's memorandum of points and authorities in support of motion to compel stated that Plaintiff would request attorneys' fees and expenses pursuant to Rule 37(a)(5)(A). Plaintiff reiterated this intention in its reply, and sought leave to file evidence of its fees and expenses. In the order granting leave, the Magistrate Judge stated he would "hear oral argument on the Motion to Compel and request for sanctions" on August 18. Plaintiff filed attorney affidavits detailing the time and expense incurred in making the motion to compel. Accordingly, Defendant received sufficient notice of Plaintiff's request for attorneys' fees and expenses.

Furthermore, Defendant not only received an opportunity to be heard, but was heard. Defendant opposed the motion to compel and Plaintiff's attorney affidavits regarding fees and expenses. At the hearing, Defendant extensively argued why sanctions should not be imposed, or should at least be reduced. (RT at 9-16, 17-26, 32-36 & 39-40.) The Magistrate Judge agreed in part with Defendant's arguments and reduced the requested fees and expenses by almost $4,000 or approximately 43%.

Defendant also argues that Plaintiff's request for sanctions was not sufficiently supported because Plaintiff did not file billing statements but only attorney affidavits. Defendant has not

cited any binding authority, and the court is aware of none, holding that attorney affidavits are insufficient evidence of fees and expenses for purposes of Rule 37(a)(5) sanctions.

In addition, Defendant objects on the grounds that attorney affidavits were not specific enough to enable the court to evaluate the reasonableness of attorney tasks and time spent. Upon review of the affidavits (*see* Def.'s Ex. 14), the court rejects this objection.

Last, Defendant maintains that the sanctions award was excessive because attorneys spent too much time on the motion to compel and charged excessive hourly rates. Rule 37(a)(5)(A) provides for reasonable expenses, including attorneys' fees. The Magistrate Judge conducted a detailed review of attorneys' fees and expenses, and substantially reduced the award based on a finding that the request was excessive. (*See* RT at 8-9.) He allowed for ten hours of attorney time at $375 per hour to draft the motion to compel and related reply, two hours of attorney time at $355 per hour to prepare for the hearing, and $776.15 for Westlaw charges. (*Id.*; *cf.* Def.'s Ex. 14.)

Defendant has not presented any evidence to show that the hourly rates were unreasonably high, or what would constitute reasonable rates, but suggests that the motion should have been briefed by a junior attorney billing at a lower rate. Defendant has cited no legal authority, and the court is aware of none, requiring that the motion be prepared by a junior associate, especially when the motion is drafted by counsel familiar with the issues.

Defendant also complains that attorney time was excessive. The Magistrate Judge found reasonable ten hours to prepare a three and a half page motion to compel and a two and a half page reply with only a few generic citations to legal authority. In addition, he allowed for two hours to prepare for hearing. While the award is generous, and this court would not be inclined to award the same amount if it were considering this matter in the first instance, the Magistrate Judge's reasonableness finding is not clearly erroneous. The court notes that no time was charged for counsel's travel from Los Angeles and for attending the hearing. (RT at 9, 38.)

Based on the foregoing, the Magistrate Judge's order was neither clearly erroneous nor contrary to law. Defendant's objections are **OVERRULED**.

/ / / / /

Plaintiff requests an additional $3,550 for ten hours of attorney time incurred in preparing a response to Defendant's objection and $238.55 for the transcript of the August 18 hearing. (Decl. of Loura L. Alaverdi, Esq. at 1-2 & Ex. D.)  The request for attorneys' fees is **DENIED** in light of the generous amount already awarded.  However, the request for transcript fees is **GRANTED** because Defendant should have attached the transcript to his objections to allow for proper review.

Plaintiff's request for contempt is **DENIED** based on the October 16, 2008 order granting Defendant's ex parte application for stay.

**IT IS SO ORDERED.**

DATED:  November 21, 2008

_____
M. James Lorenz
United States District Court Judge

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL